IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAMERON C. MCCARY, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 21-911-RGA |
| DR. AUGUST, et al., | : |
| Defendants. | : |

Cameron C. McCary, Howard R. Young Correctional Institution, Wilmington, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

January 4, 2022
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Cameron C. McCary, an inmate at Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 8). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff alleges deliberate indifference to serious mental health needs in violation of the Eighth and Fourteenth Amendments. (D.I. 2 at 6). On May 13, 2020, Plaintiff was examined by Defendant Dr. August who prescribed the "most powerful" mental health medication the prison had. (*Id.*). Plaintiff alleges that on August 11, 2020, Defendant Jane Doe falsely reported that Plaintiff was suspected of "checking/hoarding" medication. (*Id.* at 6-7). Dr. August ordered the discontinuation of the medication without examining Plaintiff. (*Id.* at 7).

Plaintiff submitted a grievance and was advised by Defendant Nakiya Lesene of the policy that medication is discontinued when alleged hoarding of medication is reported. (*Id.* at 7). Lesene would not help Plaintiff get the medication reinstated, she would not give him any more monthly check-ups, and she banned him from mental health for nearly nine months. (*Id.*). Plaintiff appealed the decision. (*Id.*). Plaintiff met

1

with Defendant MGC Panel and Defendant Lt. R. Hosten-Jones (who conducted the hearing) and was informed of the policy to discontinue all medication when hoarding is alleged because security concerns outweigh medical needs; the Panel determined that Dr. August was correct in his decision to discontinue the medication. (*Id.* at 8). Plaintiff appealed to Defendant Mike Records. Plaintiff alleges Defendant MHM/Centurion knew of his complaints, knew about the policy practice, and failed to train its employees on how to handle schizophrenic inmates. (*Id.*). Plaintiff seeks compensatory and punitive damages. (*Id.* at 8).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S.10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Defendant Grievance Panel/Mental Health Staff will be dismissed. To state a viable § 1983 claim, a plaintiff must allege facts showing a deprivation of a constitutional right, privilege or immunity by a person acting under color of state law. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986). The Grievance Panel/Mental Health Staff is not a person as is required to state a claim under § 1983. As to the remaining Defendants, Plaintiff has alleged what appear to be cognizable and non-frivolous medical needs claims.

## CONCLUSION

For the above reasons, the Court will: (1) dismiss Defendant Grievance Panel/Mental Health Staff pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); and (2) allow Plaintiff to proceed against the remaining Defendants.

An appropriate Order will be entered.