IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CAMERON C. MCCARY,                          )
                                            )
          Plaintiff,                        )
                                            )
     v.                                     )    C.A. No. 21-911 (GBW)
                                            )
DR. AUGUST, et al.,                         )
                                            )
          Defendants.                       )

## MEMORANDUM ORDER

At Wilmington this 10th day of February, 2023, having considered

Defendants Records Mike and Lt. R. Hosten Jones' motion to dismiss (D.I. 31);

Plaintiff's requests for appointed counsel (D.I. 29, 36, 39); Plaintiff's motion to

amend his complaint (D.I. 42); and Plaintiff's discovery motions (D.I. 43, 44);

IT IS HEREBY ORDERED that: (1) the motion to dismiss (D.I. 31) is

**DENIED**; (2) Plaintiff's requests for appointed counsel (D.I. 29, 36, 39) are

**DENIED** without prejudice to renew; (3) Plaintiff's motion to amend his

complaint (D.I. 42) is **DENIED** without prejudice to renew; and (4) Plaintiff's

discovery motions (D.I. 43, 44) are **DENIED** as premature.

**Motion to Dismiss.** Plaintiff Cameron C. McCary proceeds *pro se* and has

been granted leave to proceed *in forma pauperis*. (D.I. 8). On January 4, 2022, the

Court screened the Complaint, identified what appeared to be cognizable and non-

frivolous claims within the meaning of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), and later entered a service order. (D.I. 16, 17).

The legal standard used when screening cases for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the Rule 12(b)(6) dismissal standard. *See Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (citing *De'lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013), and *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Nothing has changed since the Complaint was screened. In addition, the Court must liberally construe the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, the Court concludes that the allegations contained in the Complaint are sufficient to withstand the instant motion to dismiss. Indeed, the Court notes that many of the arguments contained in the motion to dismiss would be more properly brought in a motion for summary judgment. Finally, accepting Plaintiff's allegations as true, as the Court must, Defendants Records Mike and Lt. R. Hosten Jones' assertion of entitlement to qualified immunity is premature and will be denied without prejudice to renew on a fuller record. For these reasons, the motion to dismiss is denied.

**Requests for Counsel.** Plaintiff requests counsel on the grounds that he is unable to afford counsel; he was moved to another facility, thus losing the assistance of his former cellmate, who was a jail house lawyer; his mental health

issues and limited legal knowledge limit his ability to litigate the case; the issues involved are complex, he has limited access to the prison library, which is better equipped for criminal cases rather than civil cases; and counsel will be better suited to locate and present expert witnesses.

A *pro se* litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, courts should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir.

3

2002); *Tabron*, 6 F.3d at 155-56.  The list is not exhaustive, nor is any one factor

determinative.  *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's

claims have merit in fact and law, several of the *Tabron* factors militate against

granting his requests for counsel at this time.  Based on a review of the Complaint

and Plaintiff's response to the motion to dismiss, the Court concludes that the case

is not complex, and that Plaintiff appears to have the ability to present his claims.

In addition, this case is still in its early stages.

**Motion to Amend Complaint.**  Plaintiff's motion to amend the complaint

failed to include his proposed amended complaint, as required by the local rules.  *See*

D. Del. LR 15.1(a).  The motion is therefore denied without prejudice to renew.

**Discovery Motions.**  Plaintiff's discovery motions are denied as premature.

He has sought leave to amend his complaint and this case is still in its early stages.

The Honorable Gregory B. Williams
United States District Judge